KENT COUNTY PROSECUTOR v ROBERT EMMETT GOODRICH
CORPORATION

Docket No. 55873. Argued November 7, 1975 (Calendar No. 2).—
Decided April 1, 1976.

Plaintiffs Kent County Prosecutor and the City Attorney of
Grand Rapids brought a complaint against defendant Robert
Emmett Goodrich Corporation for injunctive relief to prevent
the showing of the film "The Devil in Miss Jones". The Kent
Circuit Court, John H. Vander Wal, J., issued a permanent
injunction. The Court of Appeals, T. M. Burns, P. J., and Mc-
Gregor, J. (Holbrook, J., dissenting), reversed (Docket No.
18420). Plaintiff appeals. *Held:*

The civil obscenity statute is aimed at the sale, distribution,
acquisition or possession of written or printed paper materials,
not the exhibition of a motion picture film.

Lindemer, J., with Coleman, J., concurring, dissented on the
grounds that the civil obscenity statute is directed to the
exhibition of motion pictures and reading it to eliminate mo-
tion picture film is strained. The statute does not say that the
picture, photograph, figure or image forbidden are on writing
paper or book paper.

53 Mich App 267; 218 NW2d 771 (1974) affirmed.

OPINION OF THE COURT

1. OBSCENITY—CIVIL OBSCENITY STATUTE—MOTION PICTURES.

The civil obscenity statute is directed to barring the sale, distri-
bution, acquisition or possession of written or printed paper
materials, not the exhibition of a motion picture film (MCL
600.2938; MSA 27A.2938).

DISSENTING OPINION

COLEMAN and LINDEMER, JJ.

2. OBSCENITY—CIVIL OBSCENITY STATUTE—MOTION PICTURES.

*The civil obscenity statute is directed to the exhibition of motion*

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 50 Am Jur 2d, Lewdness, Indecency, and Obscenity §§ 9, 26, 32.
73 Am Jur 2d, Statutes §§ 148, 198, 271 *et seq.*

*pictures and reading it to eliminate motion picture film is
strained (MCL 600.2938; MSA 27A.2938).*

*Donald A. Johnston, III,* Chief Assistant Prose-
cuting Attorney, for plaintiffs.

*Stephen M. Taylor* for defendant.

LEVIN, J. The issue is whether the civil obscen-
ity statute may be applied to bar the showing of
the film "The Devil in Miss Jones".[1]

The statute provides:

"The chief executive or legal office of any city, village
or charter township or prosecuting attorney of the
county may institute and maintain an action in the
circuit court against any person, firm or corporation to
enjoin and prevent the sale or further sale or the
distribution or further distribution or the acquisition or
possession of any book, magazine, pamphlet, comic
book, story paper, writing, paper, picture, drawing,
photograph, figure or image or any written or printed
matter of an indecent character, which is obscene, lewd,
lascivious, filthy, indecent or disgusting, or which con-
tains an article or instrument of indecent or immoral
use or purports to be for indecent or immoral use or
purpose." MCLA 600.2938; MSA 27A.2938.

The statute is aimed at the "sale", "distribu-

---

[1] The trial court permanently enjoined the showing of the film. The
Court of Appeals reversed, declaring:

"It is our conclusion that the injunction was improperly granted
since there is no state law, either statutory or judicial, which 'specifi-
cally defines' the depictions of sexual conduct which the state may
regulate. The trial judge lacked the power to authoritatively construe
the statute." 53 Mich App 267, 275; 218 NW2d 771 (1974).

Our disposition makes it unnecessary to consider this question.
*Neese v Southern R Co,* 350 US 77, 78; 76 S Ct 131; 100 L Ed 60
(1955); *Alma Motor Co v Timken-Detroit Axle Co,* 329 US 129, 132; 67
S Ct 231; 91 L Ed 128 (1946).

tion", "acquisition or possession" of written or printed paper materials, not the exhibition of a motion picture film.

Read in context ("book, magazine, pamphlet, comic book, story paper, writing, paper, picture, drawing, photograph, figure or image or any written or printed matter") the words picture, photograph, figure or image mean a picture, photograph, figure or image on paper—writing paper, book paper, magazine paper, photographic paper.

Our construction of the statute is reinforced by the use of the verbs "sale", "distribution", "acquisition or possession". Those words do not describe the showing of a motion picture film. A film is distributed or licensed by a producer directly or through a distributor to an exhibitor who shows or exhibits the film to the public. An exhibitor does not "sell" or "distribute" the film to the viewing public.

The words "acquisition or possession" in context appear directed at the permanent acquisition and possession[2] of the prohibited material rather than the temporary possession of one who, like a motion picture exhibitor, does not at any time acquire or possess any interest in the material and who is required to return it shortly.

In this connection it is significant that the gist of the complaint against a motion picture exhibitor is the showing of the allegedly obscene material, not its mere acquisition and possession.

Michigan's criminal obscenity statute reveals its purpose to cover the exhibition of motion picture

---

[2] In *Stanley v Georgia,* 394 US 557, 568, 564; 89 S Ct 1243; 22 L Ed 2d 542 (1969), the United States Supreme Court held that the states' power to regulate obscenity "does not extend to mere possession by the individual in the privacy of his own home". The Court also observed that "[i]t is now well established that the Constitution protects the right to receive information and ideas".

film by the inclusion of the verb "show" and the noun "motion picture film".[3]

The criminal obscenity statute took its present form in 1957 (1957 PA 265).[4] The civil obscenity statute was first enacted in 1958 (1958 PA 126).[5]

---

[3] "Any person who knowingly either sells, lends, gives away, distributes, shows or transmutes or offers either to sell, lend, give away, distribute, show or transmute, or has in his possession with intent either to sell, lend, give away, distribute, show or transmute, or advertise in any manner, or who otherwise knowingly offers for either loan, gift, sale or distribution, any obscene, lewd, lascivious, filthy or indecent, sadistic or masochistic book, magazine, pamphlet, newspaper, story paper, writing, paper, phonograph record, picture, drawing, photograph, motion picture film, figure, image, wire or tape recording or any written, printed or recorded matter of an indecent character which may or may not require mechanical or other means to be transmuted into auditory, visual or sensory representations of such character, shall be guilty of a misdemeanor, and upon conviction shall be punished by imprisonment in the county jail for not more than 1 year or by a fine of not more than $1,000.00, or by both such fine and imprisonment.

"For the purpose of this section, possession of 6 or more identical copies, or 6 or more articles of any obscene, lewd, lascivious, filthy or indecent book, magazine, pamphlet, newspaper, story paper, writing, paper, phonograph record, picture drawing, photograph, slide, motion picture film, figure, image, wire or tape recording, or any written, printed or recorded matter of an indecent character, shall be prima facie evidence of possession with intent to sell, lend, give away, distribute, show or transmute the thing." MCLA 750.343a; MSA 28.575(1); added by 1957 PA 265, as amended by 1961 PA 217, 1962 PA 64, 1964 PA 143.

For text of 1957 act see fn 4, *infra*.

[4] "Any person who sells, lends, gives away, distributes, shows or transmutes or offers to sell, lend, give away, distribute, show or transmute, or has in his possession with intent to sell, lend, give away, distribute, show or transmute, or advertise in any manner, or who otherwise offers for loan, gift, sale or distribution, any obscene, lewd, lascivious, filthy, indecent or disgusting book, magazine, pamphlet, newspaper, story paper, writing, paper, phonograph record, picture, drawing, photograph, motion picture film, figure, image, wire or tape recording or any written, printed or recorded matter of an indecent character which may or may not require mechanical or other means to be transmuted into auditory, visual or sensory representations of such character, shall be guilty of a misdemeanor, and upon conviction shall be punished by imprisonment in the county jail for not more than 1 year or by a fine of not more than $1,000.00, or by both such fine and imprisonment." 1957 PA 265.

[5] Sections 1 and 2 of the 1958 act read:

"Sec. 1. Where in any city, village, charter township or county, any

The earlier criminal statute expressly covers "phonograph record", "motion picture film", "wire or tape recording", "or recorded matter". The civil obscenity statute significantly does not include those words. This is even more striking when the descriptive language of the two acts is placed side by side and it is seen that the wording of the materials covered in the civil statute follows in precise sequence the language of the criminal statute with the noticeable elimination of "newspaper" ("comic book" substituted), "phonograph record", "motion picture film", "wire or tape recording" "or recorded matter". Whether these deletions were because proceedings under the civil statute may be maintained by "[t]he chief executive or legal officer of any city, village or charter township" as well as the prosecuting attorney does not appear; whatever the reason, it is apparent that the Legislature chose to limit the operative effect of the civil obscenity statute.

The civil obscenity statute is not directed to the exhibition of a motion picture film.

---

person, firm or corporation sells or distributes or is about to sell or distribute or has in his possession with intent to sell or distribute or is about to acquire possession with intent to sell or distribute any book, magazine, pamphlet, comic book, story paper, writing, paper, picture, drawing, photograph, figure, image or any written or printed matter of an indecent character, which is obscene, lewd, lascivious, filthy, indecent or disgusting, or which contains an article or instrument of indecent or immoral use or purports to be for indecent or immoral use or purpose, the circuit court of such county in chancery shall have and exercise jurisdiction to adjudicate upon the lawful propriety of such sale, distribution, possession or acquisition under and in accordance with the provisions of this act and to enjoin the same if adjudged not to be lawful and proper.

"Sec. 2. The chief executive or legal office of any city, village or charter township or prosecuting attorney of the county may institute and maintain an action in the court against such person, firm or corporation to enjoin and prevent the sale or further sale or the distribution or further distribution or the acquisition or possession of any book, magazine, pamphlet, comic book, story paper, writing, paper, picture, drawing, photograph, figure or image or any written or printed matter of an indecent character." 1958 PA 126.

The Court of Appeals is affirmed.

Kavanagh, C. J., and Williams and Fitzgerald, JJ., concurred with Levin, J.

Ryan, J., took no part in the decision of this case.

Lindemer, J. *(dissenting).* The construction of criminal statutes is always more rigidly examined than that of civil statutes. Justice Levin asks us to believe that the Legislature desired to regulate that which is obscene, lewd, lascivious, filthy, indecent or disgusting more extensively through the criminal process than the civil. It is my opinion that the statute's distribution of such material covers the exhibition of "The Devil in Miss Jones". It is my further opinion that the reading of the statute to eliminate motion picture film is strained. The statute does not say that the words "picture, photograph, figure or image" mean a picture, photograph, figure or image on writing paper or book paper. To so hold brings to mind Mr. Bumble who remarked:

"If the law supposes that, * * * the law is a ass, a idiot." *Oliver Twist* by Charles Dickens.

*Miller v California,* 413 US 15; 93 S Ct 2607; 37 L Ed 2d 419 (1973), establishes the standards applicable here. The civil obscenity statute is directed to the exhibition of a motion picture film.

The Court of Appeals should be reversed.

Coleman, J., concurred with Lindemer, J.