WAYNE COUNTY PROSECUTOR v GENERAL VIDEO OF
MICHIGAN, INC

Docket No. 155360. Submitted October 13, 1993, at Detroit. Decided
December 20, 1993, at 9:20 A.M.

The Wayne County Prosecutor brought an action in the Wayne
Circuit Court against General Video of Michigan, Inc., News
Wholesalers of Michigan, Inc., and James Olsafsky, seeking an
order pursuant to the civil obscenity statute, MCL 600.2938;
MSA 27A.2938, enjoining the defendants from the sale, resale,
or distribution of certain materials alleged to be obscene. The
defendants moved for summary disposition, claiming that the
civil obscenity statute was overbroad and unenforceable, and
for suppression of certain evidence, claiming that the search
warrants used to seize the materials were constitutionally
defective. The court, Samuel A. Turner, J., denied the motions
and, following the determination of an advisory jury that most
of the seized materials were obscene, entered a final order of
injunction prohibiting the sale, resale, or distribution of any
copies of the specific magazines and videotape cartons found to
be obscene. The defendants appealed, and the prosecutor cross
appealed.

The Court of Appeals *held:*

1. Because the Michigan civil obscenity statute, as written,
does not define specifically the type of sexual conduct that is
deemed to be obscene and the statute has not been construed
authoritatively by the courts of this state, the statute is over-
broad and, therefore, is unenforceable. Accordingly, the statute
may not be applied to these defendants in this case.

2. Prospectively from the date of the opinion in this case, the
civil obscenity statute is to be construed by the courts of this

REFERENCES

Am Jur 2d, Constitutional Law § 463; Lewdness, Indecency, and
Obscenity §§ 1, 2, 4.
Modern concept of obscenity. 5 ALR3d 1158.
Supreme Court's views as to overbreadth of legislation in connec-
tion with First Amendment rights. 45 L Ed 2d 725.
Supreme Court's development, since Roth v United States, of stan-
dards and principles determining concept of obscenity in context
of right of free speech and press. 41 L Ed 2d 1257.

state so as to conform to the minimum standards set by the United States Supreme Court in *Miller v California,* 413 US 15 (1973).

3. Because of the resolution of the defendants' issue concerning the overbreadth of the statute, it is unnecessary to consider their other issues or the issue raised in the prosecutor's cross appeal.

Reversed.

1. OBSCENITY — CIVIL OBSCENITY STATUTE — CONSTITUTIONAL LAW — OVERBREADTH.

   The civil obscenity statute is overbroad and unenforceable as written (MCL 600.2938; MSA 27A.2938).

2. OBSCENITY — WORDS AND PHRASES — CIVIL OBSCENITY STATUTE.

   Prospectively from December 20, 1993, obscenity for the purpose of the civil obscenity statute will be determined by considering: whether the average person, applying contemporary community standards, would find a work, taken as a whole, appeals to the prurient interest; whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by applicable state law; and whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value (MCL 600.2938; MSA 27A.2938).

3. OBSCENITY — WORDS AND PHRASES — CIVIL OBSCENITY STATUTE — "OBSCENE, LEWD, LASCIVIOUS, FILTHY, INDECENT OR DISGUSTING".

   The terms "obscene, lewd, lascivious, filthy, indecent or disgusting" as used in the civil obscenity statute are defined to mean patently offensive representations or descriptions of ultimate sexual acts, normal or perverted, actual or simulated, and patently offensive representations or descriptions of masturbation, excretory functions, and lewd exhibition of the genitals (MCL 600.2938; MSA 27A.2938).

*John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, *Raymond D. Walsh,* Assistant Prosecuting Attorney, and *George E. Ward,* Chief Assistant Prosecutor, for the plaintiff.

*Rubin & Rubin* (by *Carl L. Rubin),* for the defendant.

Before: MARILYN KELLY, P.J., and CAVANAGH and J. A. MURPHY,* JJ.

PER CURIAM. Defendants appeal as of right from a final order of injunction enjoining them from the sale, resale, or distribution of certain materials found to be obscene. Defendants contend that Michigan's civil obscenity statute, MCL 600.2938; MSA 27A.2938, is fatally overbroad and constitutes an invalid prior restraint on the dissemination of expressive materials, that evidence seized pursuant to search warrants should have been suppressed, and that defendant Olsafsky should not have been named as a party to the injunctive order. On cross appeal, plaintiff claims that the obscenity statute should be held to apply to videotapes. We reverse.

Following an undercover investigation in early 1991, police officers executed search warrants at three retail stores in Waterford, Pontiac, and Hazel Park, and seized numerous sexually explicit magazines and videotapes. Other evidence found on the premises indicated that the stores obtained their materials from defendants General Video of Michigan, Inc., and News Wholesalers of Michigan, Inc., and that defendant James Olsafsky was president of both of those companies.

The address of both General Video and News Wholesalers was a warehouse building in Livonia. On October 2, 1991, a search warrant was executed at that building, and one copy of each of a large number of sexually explicit magazines and videotapes was seized.

On October 8, 1991, the Wayne Circuit Court issued a preliminary injunction restraining defendants from disseminating any copies of specified

---

* Circuit judge, sitting on the Court of Appeals by assignment.

obscene magazines and videotape cartons (but not the tapes themselves).

On November 4, 1991, defendants filed a motion for summary disposition pursuant to MCR 2.116(C) (8), arguing that the civil obscenity statute was overbroad and unenforceable, and filed a motion to suppress the evidence seized pursuant to the search warrants, which they claimed were constitutionally defective. The trial court denied both motions.

At trial, in June 1992, an advisory jury found that most of the materials seized were obscene. The trial court entered a final order of injunction on July 30, 1992, prohibiting the sale, resale, or distribution of any copies of the specific magazines and videotape cartons found to be obscene. This appeal and cross appeal followed.

Defendants first contend that Michigan's civil obscenity statute, MCL 600.2938; MSA 27A.2938, is overbroad and, hence, unenforceable. We agree. The statute provides that an action may be brought to enjoin the sale, resale, or distribution

> of any book, magazine, pamphlet, comic book, story paper, writing, paper, picture, drawing, photograph, figure or image or any written or printed matter of an indecent character, which is obscene, lewd, lascivious, filthy, indecent or disgusting, or which contains an article or instrument of indecent or immoral use or purports to be for indecent or immoral use or purpose. [MCL 600.2938(1); MSA 27A.2938(1).]

The leading case regarding state regulation of obscenity is *Miller v California,* 413 US 15; 93 S Ct 2607; 37 L Ed 2d 419 (1973). In that case, the United States Supreme Court held that while obscene material is unprotected by the First Amendment, a state statute designed to regulate

obscene materials must be confined in its scope to works that depict or describe sexual conduct, and that conduct must be defined specifically by the applicable state law, as written or authoritatively construed. *Id.,* at 23-24.

Michigan's civil obscenity statute, as written, does not define specifically sexual conduct, nor has it been construed authoritatively by the state courts. *Miller, supra; Kent Co Prosecutor v Robert Emmett Goodrich Corp,* 53 Mich App 267, 271; 218 NW2d 771 (1974), aff'd 396 Mich 253; 240 NW2d 242 (1976). Therefore, the statute may not be applied to these defendants in this case.

Nevertheless, we hold that prospectively from the date of this opinion, the civil obscenity statute, MCL 600.2938; MSA 27A.2938, shall be construed by the courts of this state so as to conform to the minimum standards set forth in *Miller, supra.* Those standards are as follows:

> "(a) whether 'the average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest;
>
> "(b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and
>
> "(c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value." [*People v Neumayer,* 405 Mich 341, 367; 275 NW2d 230 (1979), quoting *Miller, supra* at 24.]

In defining the terms "obscene, lewd, lascivious, filthy, indecent or disgusting," we incorporate the *Miller* definitions into the civil statute:

> "(a) Patently offensive representations or descriptions of ultimate sexual acts, normal or perverted, actual or simulated.

"(b) Patently offensive representations or descriptions of masturbation, excretory functions, and lewd exhibition of the genitals." [*Neumayer, supra* at 367-368, quoting *Miller, supra* at 25.]

In light of our determination that the civil obscenity statute may not be applied in this case, it is unnecessary to reach either defendants' remaining issues on appeal or plaintiff's issue on cross appeal.

Reversed; injunction vacated.